STATE OF NORTH CAROLINA v. LEON WINFREY

No. 7512SC684

(Filed 7 January 1976)

**Criminal Law § 99— remarks of court — no expression of opinion**
  Remarks by the trial court did not constitute an expression of
  opinion in this trial of defendant for driving while his license was
  permanently revoked wherein defendant elected to appear without
  counsel.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 7 May 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 20 November 1975.

Defendant was charged in a warrant with operating a motor vehicle while his license was permanently revoked. He pleaded guilty to that charge in the District Court. From the judgment entered he appealed to the Superior Court.

In the Superior Court defendant elected to appear without counsel. He tendered a plea of "Guilty with an explanation." The judge directed that a plea of not guilty be entered. The jury found defendant guilty. Thereafter defendant retained counsel to represent him on appeal to this Court.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*MacRae, MacRae & Perry, by Daniel T. Perry III, for defendant appellant.*

VAUGHN, Judge.

The State offered evidence that defendant was operating a motor vehicle on the highway while his operator's license was permanently revoked. Defendant testified in his own behalf and admitted that he was operating a motor vehicle at the time in question and that he was doing so after having been notified of the revocation of his license. The "explanation" that he obviously wanted to offer all along was that, in substance, he was driving only because he had taken a friend to the friend's father's funeral.

On appeal, defendant's counsel urges that remarks by the judge during the course of the trial amounted to an expression of opinion on the evidence. We need not set out the instances

of which defendant complains. Throughout the trial defendant tried to testify when he was not on the stand, make inappropriate motions, inject feckless objections and generally, though apparently without malice, disrupt the trial. The judge elected to proceed with the trial under these difficult circumstances rather than hold defendant in contempt.

We have considered all of defendant's assignments of error. There has been no error shown that could have affected the verdict of the jury.

No error.

Judges MARTIN and CLARK concur.